IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH LAMAR TURNER,                                              PETITIONER
ADC #078741

v.                           5:14CV00390-JLH-JJV

LARRY NORRIS, Interim Director,                                    RESPONDENT
Arkansas Department of Correction[1]

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

---

[1] The Petition named Ray Hobbs as the Respondent. Mr. Hobbs retired as Director of the Arkansas Department of Correction on October 31, 2014, and Larry Norris assumed the duties of Interim Director on November 1, 2014. Pursuant to Federal Rule of Civil Procedure 25, Mr. Norris is automatically substituted as the Respondent in place of Mr. Hobbs.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  BACKGROUND

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. (Doc. No. 8.) Petitioner has responded with objection. (Doc. No. 9.)

On October 22, 1998, a Pulaski County jury convicted Kenneth Lamar Turner of aggravated robbery and theft of property. (Doc. No. 2.) He was sentenced to sixty-five (65) years imprisonment. (*Id.*)

On April 13, 2005, Mr. Turner filed his first petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas (*Turner v. Norris*, Case No. 5:05CV107-JLH, Doc. No. 2) and raised the following claims:

1. Police officers subjected him to an improper and suggestive identification procedure;

2. The prosecution withheld material exculpatory evidence from the defense;

3. He was denied effective assistance of counsel;

    4.    His convictions were obtained by the use of evidence gained pursuant to an unconstitutional search and seizure; and

    5.    The trial court violated his right to counsel.

(*Id.*)

The district court dismissed the petition as untimely on November 4, 2005. (Doc. No.15.) On June 23, 2006, the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. No. 24.)

Mr. Turner filed the instant Petition for Writ of Habeas Corpus on October 24, 2014. (Doc. No. 2.) He alleges he received ineffective assistance of counsel and was denied due process. (*Id.*)

On December 3, 2014, Respondent filed a Motion to Dismiss (Doc. No. 8) arguing that the Petition is successive and this Court lacks jurisdiction pursuant to 28 U.S.C. § 2244(b). Because Mr. Turner failed to obtain permission from the Eighth Circuit Court of Appeals to file the present Petition, this Court agrees with the Respondent and the Petition should be dismissed.

**II.**    **DISCUSSION**

Under 28 U.S.C. § 2244(b)(3)(A), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate United States Court of Appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Claims raised twice in the federal habeas context "shall be dismissed" the second time they are raised. 28 U.S.C. § 2244(b)(1). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, the Court finds that the language of 28 U.S.C. § 2244(b) is jurisdictional and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Thus, dismissal of Mr. Turner's Petition is required. 28 U.S.C. § 2244(b)(1). The Court acknowledges Mr. Turner's letter and objections (Doc. No. 9), but the Court does not have jurisdiction to review his claims at this time. The Court recommends dismissal without prejudice so Mr. Turner may refile his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 8) be GRANTED.

2. Mr. Turner's § 2254 Petition (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

DATED this 29th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE